IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICAN,
        Plaintiff,

vs.                                            No. 95-10022-JTM

MICHAEL C. PEACH,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion for Order recently filed by defendant Michael C. Peach. (Dkt. 57). Peach seeks a ruling on an earlier series of ten motions, ostensibly seeking a statement of proceedings and evidence under Fed.R.App. 10(c). Although presented as separate motions, all of those pleadings generally seek to create support for Peach's claims that he was not properly arrested and arraigned in 1995. For the reasons provided herein, the court dismisses Peach's motions.

Peach was indicted by a grand jury in 1995 of five counts involving drugs, firearms, and robbery. In a trial before the undersigned, Peach was acquitted of one of the counts (No. 95-10022-JTM, Dkt. 41). He was convicted of five counts following separate trials before Judge Belot (No. 95-10052-JWB, Dkt. 72, 113, 114); and was sentenced to a controlling term of imprisonment of some 33 years. The Tenth Circuit

affirmed Peach's conviction and sentence in 1997. (No. 95-10052-JWB, Dkt. 134). *See United States v. Peach*, No. 96-3233, 1997 WL 282867, at *2 (10th Cir. May 28, 1997).

Raising a variety of arguments, Peach filed his first motion to vacate his conviction under 28 U.S.C. § 2255 in 1998. Judge Belot denied the motion (Dkt. 144). In 2006, Peach moved to vacate the denial of his earlier motion. Judge Belot denied the motion on January 3, 2007 (Dkt. 156). The Tenth Circuit affirmed the decision (*United States v. Peach*, 241 Fed.App'x 530, 2007 WL 2110906 (10th Cir. July 24, 2007), dismissed additional pleadings filed as unauthorized successive § 2255 motions (*Peach v. United States*, No. 07-3129 (10th Cir. June 29, 2007) and denied as "frivolous" a separate petition for mandamus filed by Peach. (Dkt. 181, February 23, 2009). Noting the "the repetitious nature of his litigation practices," the Tenth Circuit also denied Peach leave to proceed without prepayment of costs. *Id.*

Since that time, in the No. 95-10052 action Peach has filed two Motions to Set Aside Judgment (Dkt. 183, 196), two Writs of Error Coram Nobis (Dkt. 186, 190), three motions for transcripts (Dkt. 193, 194, 205), a motion to dismiss indictment (Dkt. 217), and a motion for summary judgment (Dkt. 218).[1] All these motions were denied by Judge Belot (Dkt. 187, 191, 195, 196), or by the undersigned. (Dkt. 219).

In the last instance, the court determined that Peach's arguments (which included the claims that the court "lacks subject matter jurisdiction because there is no

---

[1] Pursuant to the Fair Sentencing Act of 2010, Judge Broomes has reduced Peach's sentence from 399 to 375 months. (Dkt. 237).

record of his indictment being properly returned in open court, … that he was unlawfully arrested and detained and that the court failed to retain records of defendant's criminal proceedings") were in fact disguised, unauthorized motions for relief under 18 U.S.C. § 2255. The court dismissed the motion and declined to issue a certificate of appealability. In addition, on May 28, 2018, the court denied Peach leave to appeal in formal pauperis, noting that Judge Belot had denied similar requests on three separate occasions, and concluding the appeal was frivolous. (Dkt. 225). The Tenth Circuit similarly refused to grant leave, and dismissed his appeal. (Dkt. 226).

Rule 10(c) provides:

**Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

"Rule 10(c) permits parties to reconstruct the record from the best means available where a trial or hearing occurred but no transcript of the proceeding is available." *Foley v. Orange Cty., Fla.*, 2013 WL 12158615, at *1 (M.D. Fla. Nov. 4, 2013) (citation omitted). However, a district court can grant a request under Rule 10(c) "only if it could certify that the appeal is not frivolous." *Kykta v. Ciaccio*, No. 19-3412, 2020 WL 3839889, at *2 (7th Cir. July 8, 2020) (internal quotation omitted).

The defendant's decision to present *ten* separate motions asking for much the same relief reflects yet again what the Tenth Circuit has characterized as "the repetitious nature of his litigation practices." However much the chorus is repeated, the song remains the same. In Rule 10(c), Peach is simply using a different vehicle to present arguments identical to those which this court has determined are unauthorized, successive collateral attacks on his convictions. The court has determined that Peach's arguments are actually successive § 2255 motions which cannot be presented absent authorization from the Tenth Circuit.

The undersigned believes that the proper course in this action, as the court in the No. 95-10052 case noted in its prior Orders (Dkt. 219, 224), is denial of Peach's motions as frivolous, as well as denying any request for a certificate of appealability. Given the history of the case, reasonable jurists would not conclude that Peach has presented non-frivolous requests for relief under Rule 10(c).

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motions for Statements (Dkt. 46-55) are hereby denied; his Motion for Order (Dkt. 57) is also denied. No certificate of appealability shall issue.

*J. Thomas Marten*
J. Thomas Marten, Judge